Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7497 | DATE | August 9, 2004 |
| CASE TITLE | BOYLAN et al vs. MCGEEVER et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, the RICO claim is dismissed and this court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. This action is terminated. Any pending motions are moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| ✓ | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 8/10/04 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | MS |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | | 8-9-04 date mailed notice |
| JS7 | courtroom deputy's initials | 2004 AUG 10 AM 8:13 Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 10 2004

SANDRA V. BOYLAN et al. )
)
Plaintiffs, )
) No. 03 C 7497
v. )
)
KEVIN McGEEVER et al. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Before this court is defendant James McKiernan's ("McKiernan") motion to dismiss plaintiffs' Sandra V. Boylan et al. complaint. Plaintiffs complaint alleges a civil violation of 18 U.S.C. § 1961 et seq. ("RICO"), conversion, breach of fiduciary duty, common law fraud, recklessness, and negligence against a number of defendants, including McKiernan. The court's original jurisdiction is predicated upon the federal RICO claim brought by plaintiffs. (Compl. ¶ 4.) For the following reasons, the motion to dismiss is granted.

## BACKGROUND

Plaintiffs allege that the defendants, including McKiernan, engaged in a "Scheme to Defraud, which began in or about January 1998 and continued until at least May 2000." (Compl. ¶ 1.) A number of the defendants – Douglas Johnson, Kevin McGeever, James C. Sexton and James C. Sexton Jr. – have recently been indicted by the United States for criminal acts, including their conduct alleged in this case. (Id. ¶ 3.) The defendants, by way of fraud, induced the plaintiffs to deposit monies into the "P.B. Global account," which was located at Landesbank, in the Principality of

1

75

Liechtenstein. (Id. Compl. ¶¶ 41-47.)

Plaintiffs periodically received official-looking, but false, "bank statements" from the defendants regarding the P.B. Global account. (Id. ¶ 48(A).) On February 10, 1999, plaintiffs received a letter from the defendants. (Id. ¶ 48(B).) This letter states that the defendants had told the plaintiffs to expect "a distribution for the month ending January 31 [1999]." (Id. Ex. 4.) The plaintiffs were informed, however, that "[u]nfortunately, the trade we authorize ran into problems having to do with . . . privacy laws" in Liechtenstein. (Id.) The letter went on to reassure the plaintiffs that "the rewards are just around the corner." (Id.) Nearly two months later, on March 29, 1999, plaintiffs received another letter from the defendants. (Id. ¶ 48(c).) This letter informed the plaintiffs that "Landesbank ha[d] taken full control of all funds, pending the outcome of an independent audit and investigation" (Id. Ex.5), and that "Landesbank has taken control of all monies in order to protect you, the depositor." (Id. ¶ 48(c); Ex. 5.) The letter further stated: "All funds are safe and the matter will be resolved." (Id. Ex 5.) Unbeknownst to the plaintiffs, the P.B. Global account had been closed more than a month prior to March 29, 1999, and all the funds in that account had been withdrawn from Landesbank. (Id. ¶ 48(c).)

Plaintiffs' complaint also provides the following:

> The Plaintiffs have been diligent in seeking to ascertain how, when and by whom they were injured. For example, in July of 1999, Martin Sterenbuch, one of Plaintiffs' counsel herein ("Sterenbuch"), retained an attorney in Liechtenstein, Dr. Hilmar Hoch ("Hoch"), to investigate and determine what had happened to the funds that the Plaintiffs had deposited in the P.B. Global account. With Hoch's assistance and at their initiative, a criminal investigation was started in Liechtenstein

(Id. ¶ 94.) A declaration by Martin Sterenbuch, attached to plaintiffs' response to the motion to dismiss, further provides that Sterenbuch was hired in the summer of 1999, "for the purpose of

2

recovering funds . . . invested in the 'P.B Global' investment scheme describe in the Complaint." (P.'s Resp. Att. A. ¶ 2.) Sterenbuch further provides in his declaration that the criminal investigation initiated in Liechtenstein was initiated at the request of the plaintiffs. (Id. ¶3.) In the course of that criminal investigation, defendant James C. Sexton submitted a statement, on or about October 19, 1999. (Id. ¶ 3.) The statement submitted by James C. Sexton is dated October 13, 1999. (P.'s Resp. Att. A(1) at "Page 7.")

## STANDARD OF REVIEW

The court must accept "all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004). However, a plaintiff can plead herself out of court by pleading facts that undermine the allegations set forth in the complaint. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). "The statue of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." Barry Aviation Inc. v. Land O'Lakes Municipal Airport Commission, No. 03-2605, slip op. at 9 (7th Cir. July 26, 2004).

## ANALYSIS

McKiernan argues that plaintiffs' RICO claim must be dismissed pursuant to the statute of limitations. A four-year statute of limitations is applicable in civil RICO cases. Levine v. Prudential Bache Props., Inc. 855 F.Supp. 924, 942 (N.D. Ill. 1994). In the Seventh Circuit, "a RICO claim accrues when the plaintiff discovers her injury even if she has not yet discovered the pattern of racketeering." McCool v. Strata Oil Co., 972 F.2d 1452, 1465 (7th Cir. 1992). Discovery occurs when a plaintiff knows or should have known her injury. Barry Aviation Inc., No. 03-2605, slip op.

3

at 9. "[A]s to accrual, . . . [the Seventh Circuit and the Supreme Court] maintain that there is an important distinction between discovery of an *injury* and discovery of a *cause of action.* Id.; see also United States v. Kubrick, 444 U.S. 111, 123, 100 S.Ct. 352, 360 (1979) (holding that an action under the Federal Tort Claims Act "accrues" on discovery of injury, not on discovery of negligence). "The pattern element of RICO gives rise to the cause of action, but is not the injury itself." McCool, 972 F.2d at 1465.

The complaint makes clear that the plaintiffs expected to receive monies from the defendants by January 31, 1999. When no monies materialized on that date plaintiffs were given a number of reassurances. The complaint also makes clear that "more than a month" before March 29, 1999, the P.B. Global account had been closed and all the funds had been withdrawn. Months after the P.B. Global account had been closed, in July of 1999, plaintiffs hired an attorney for the purpose of recovering the funds from the P.B. Global account. The attorney plaintiffs hired retained counsel in Liechtenstein to assist in that investigation. After retaining the attorney in Liechtenstein, plaintiffs requested that a criminal investigation be initiated in Liechtenstein. (Compl. ¶ 94) ("at their initiative, a criminal investigation was started in Liechtenstein.") This criminal investigation must have been initiated prior to October 19, 1999, when James C. Sexton submitted a statement to the court administering the investigation. (Pl.'s Resp. Ex. A ¶ 4.) Furthermore, Sterenbuch's statement indicates that the criminal investigation was begun in the summer of 1999. Thus, it is clear that plaintiffs requested a criminal investigation to commence in the summer of 1999, and at the absolute latest some time before October 19, 1999. Both dates are four years before the complaint was filed.

Based upon these facts, as alleged in plaintiff's complaint and in their memorandum before the court, the court finds that plaintiffs knew or should have known of their injury at least prior to

October 19, 1999, and almost certainly during the summer of 1999. In February and March of 1999 the plaintiffs were still being reassured that their investments were safe. However, by July of 1999 plaintiffs had become sufficiently suspicious of why they had not received distributions to hire an attorney to investigate. Finally, almost certainly in the summer of 1999, and in any event no later than October 19, 1999, plaintiffs requested that a criminal investigation be commenced. At that point the only reasonable inference is that plaintiffs knew or should have known they had been injured and knew that the injury was likely due to criminal conduct.

The court is not swayed by plaintiffs single argument that they "did not know all the facts" prior to October 26, 1999. (Pl.'s Resp. at 9.) As McColl makes clear, all the plaintiff need know is that he or she was injured, the plaintiff need not be aware of all the facts surrounding that injury and even need not be aware that the injury was caused by a civil conspiracy. McCool, 972 F.2d at 1465. "Investors need not know how or by whom they were defrauded for the statute to begin to run. They need only have notice of facts indicating a probability that they were defrauded in some manner." Levine 855 F.Supp. at 942.

Accordingly, plaintiffs civil RICO claim, filed on October 23, 2003, is barred by RICO's four year statute of limitations. The court declines to exercise supplemental jurisdiction over plaintiffs remaining state law claims. Wright v. Associated Ins. Cos., 29 F.3d 1244, 1250 (7th Cir. 1994) (citation omitted) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.").

## CONCLUSION

Accordingly, the RICO claim is dismissed and this court declines to exercise supplemental jurisdiction over plaintiffs remaining state law claims. This case is terminated. Any pending motions are moot.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: August 9, 2004

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| BOYLAN et al | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 03 C 7497 |
| MCGEEVER et al | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the RICO claim is dismissed and this court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. This action is terminated.

Michael W. Dobbins, Clerk of Court

Date: 8/9/2004

J. Smith, Deputy Clerk